381 S.E.2d 794 (1989)
Angel L. OSBORNE, A Minor, by her General Guardian, Helen O. WILLIAMS
v.
ANNIE PENN MEMORIAL HOSPITAL, INC., Rosemary M. Martin, Executrix of the Estate of Donion M. Martin; Bonnie A. Robertson; and Frank LeWand.
No. 8817SC623.
Court of Appeals of North Carolina.
August 15, 1989.
Bailey & Dixon by Gary S. Parsons and Alan J. Miles, Raleigh, and Narron, Holdford, Babb, Harrison & Rhodes, P.A. by William H. Holdford, Jr., Wilson, for plaintiff-appellant.
Poyner & Spruill by Susanne F. Hayes and Mary Beth Johnston, Raleigh, for defendant-appellees Annie Penn Memorial Hosp. and Bonnie A. Robertson.
Newsom, Graham, Hedrick, Bryson & Kennon by Lewis A. Cheek, Durham, for defendant-appellee Rosemary M. Martin, Ex'r of the Estate of Donion M. Martin.
ORR, Judge.
This case was initiated by Helen O. Williams, guardian of Angel Osborne, a minor. The evidence tended to show that on 10 February 1978, Linda Faye Osborne was admitted to Annie Penn Memorial Hospital for delivery of a baby. Despite the fact that she was in active labor, Ms. Osborne was provided with a sandwich by a hospital nurse, sometime after her admission.
When plaintiff's mother was ready to give birth, she was taken to a preoperative examination room where defendant nurse Robertson administered a general anesthetic agent to her without an anesthesiologist or a doctor being present. Further, it is alleged that the general anesthetic was administered to plaintiff's mother by nurse Robertson, who was at that time employed at defendant hospital, without her having contacted any other hospital personnel regarding the type of anesthetic to be applied.
During the delivery of the minor plaintiff by defendant Dr. Donion Martin, Linda Osborne began vomiting and thereafter aspirated a substantial portion of her vomitus. At that time, defendants Robertson and Martin requested the assistance of defendant LeWand, an anesthesiologist, to help deal with the critical condition of plaintiff's mother. It is alleged that after a significant period of time had elapsed, defendant LeWand came to the aid of Robertson and Martin. Thereafter these three defendants allegedly interrupted the delivery of plaintiff in order to reverse the critical condition of the mother despite the readily apparent fact that plaintiff was not receiving adequate oxygenation.
As a result of this occurrence and the substantial delay by defendants in suctioning the minor plaintiff after her delivery, it is alleged that she was severely injured and suffers from brain damage. More specifically, *795 the complaint alleges that plaintiff's ability to concentrate and learn is impaired; she is clumsy and has decreased muscle strength in her body; she has a deformity; she is handicapped in performing normal daily activities; and as a result of these impairments she has had to undergo both physical and occupational therapy. Likewise, she alleges that significant medical expenses have been and will continue to be incurred for her treatment. She will likely have to undergo surgery to correct some of her reversible impairments; however, she alleges that her neurological injuries are permanent. Additionally, plaintiff alleges that she has suffered physical and mental anguish and will continue to suffer the same for the remainder of her life and that she has suffered a permanent partial loss of her earning capacity.
Plaintiff's complaint alleges that these injuries were directly and proximately caused by the negligence of the hospital, and Drs. Martin, Robertson and LeWand. Her complaint contains numerous specific allegations of negligence which we will not set out in detail, but rather we acknowledge that such allegations are sufficient to state a cause of action under the theory of negligence against Annie Penn Memorial Hospital, Donion Martin, Bonnie Robertson and Frank LeWand.
Rosemary Martin answered as executrix of the Estate of Donion Martin. She denied all material allegations of wrongdoing on behalf of Dr. Martin as stated in plaintiff's complaint. She further moved for a dismissal of the action against Dr. Martin.
The hospital and Bonnie Robertson filed an answer jointly, moving for a dismissal pursuant to G.S. 1A-1, Rule 12(b)(6). Their answer also set up a statute of limitations defense in complete bar to plaintiff's recovery and further denied all material allegations of negligence as asserted against them.
After the filing of the hospital and Bonnie Robertson's joint answer, defendant Rosemary Martin moved to amend her answer approximately three months after she filed it. The court granted her motion and her answer was amended to allege, by way of a second defense, the statute of limitations as a bar to plaintiff's claim. Defendants Annie Penn and Bonnie Robertson moved for summary judgment. Thereafter, defendant Martin similarly made a motion for summary judgment.
Plaintiff, in opposition to those two motions, filed four affidavits from her physicians stating that they had discussed plaintiff's diagnosis and proposed methods of treatment with plaintiff's guardian. Each physician also stated individually that he had never made any suggestion that plaintiff's health problems had resulted from the wrongful conduct of any persons.
A third physician's affidavit was submitted. It stated that the affiant was familiar with the standards of practice among medical professionals with training and experience similar to that of Dr. Martin, and that in his opinion, based upon a review of relevant information, there were marked deviations from the applicable standards of practice by each of the defendants. Plaintiff's guardian filed an affidavit which, inter alia, stated that plaintiff was about two years old when she appeared to have health problems. However, it was not until 1985 that she was informed by one of plaintiff's doctors that plaintiff's medical problems were probably present at birth and possibly related to plaintiff's delivery.
Ms. Williams specifically noted that she had not been informed by the delivering physician or any other hospital personnel that there were irregularities regarding plaintiff's delivery other than the incident involving plaintiff's mother who died. Ms. Williams stated that it was not until after 1985 when she became aware that plaintiff might have a potential claim for personal injury against the named defendants. Furthermore, Williams stated that she certainly had no knowledge that as plaintiff's appointed guardian she might have had a duty to pursue potential actions on plaintiff's behalf.
On 4 February 1988 and 5 March 1988, the court granted defendant's motion for summary judgment. From these judgments, plaintiff now appeals.

*796 I.
The first issue which we shall address is whether the court erred in granting the two motions for summary judgment. The rule regarding a motion for summary judgment states that:
[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.
G.S. 1A-1, Rule 56(c) (1983 & Supp.1988). This motion, which is designed to give a forecast of the proof which the parties intend to offer on behalf of their claims and defenses, requires the court to view all facts in "the light most favorable to the nonmoving party." L. C. Williams Oil Co., Inc. v. Exxon Corp., 625 F.Supp. 477, 480 (M.D.N.C.1985). See also, Loy v. Lorm Corp., 52 N.C.App. 428, 278 S.E.2d 897 (1981).
Based upon the particular facts of this case, it must be noted at the outset that "[i]t is only in the exceptional negligence case that the [summary judgment] rule should be invoked." Robinson v. McMahan, 11 N.C.App. 275, 280, 181 S.E.2d 147, 150, cert. denied, 279 N.C. 395, 183 S.E.2d 243 (1971). Furthermore, the completion of discovery is ordinarily required in a malpractice suit so that plaintiffs can explore issues of malpractice. Joyner v. Hospital, 38 N.C.App. 720, 248 S.E.2d 881 (1978). Consequently, it is only after it becomes clear to the court that the facts are established or admitted, and the issue of negligence has been reduced to a mere question of law that courts should grant such extreme remedies. Kiser v. Snyder, 17 N.C.App. 445, 194 S.E.2d 638, cert. denied, 283 N.C. 257, 195 S.E.2d 689 (1973).
In the instant case, defendants have asserted the statute of limitations as a complete bar to plaintiff's claim. As previously noted, they contend that because Ms. Williams was appointed as plaintiff's guardian on 7 May 1982, she was empowered to take any legal action including the instant action and was required to bring this action within four years after her appointment as guardian.
Specifically, defendants assert that the applicable statute of limitation and repose is contained in G.S. 1-15. According to that statute:
(a) Civil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute.
. . . . .
(c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, ... which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made:
Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action....
Defendants further contend that G.S. 1-17, dealing with disability, does not toll the running of the statute of limitations in this matter. G.S. 1-17 (1983 & Supp.1988), "Disabilities," states:
(a) A person entitled to commence an action who is at the time the cause of action accrued ...

*797 (1) Within the age of 18 years;
. . . . .
may bring his action within the time herein limited, after the disability is removed,....

. . . . .
(b) Notwithstanding the provisions of subsection (a) of this section, an action on behalf of a minor for malpractice arising out of the performance of or failure to perform professional services shall be commenced within the limitations of time specified in G.S. 1-15(c): Provided, that if said time limitations expire before such minor attains the full age of 19 years, the action may be brought before said minor attains the full age of 19 years.
In the case at bar, we are called upon to interpret the language of G.S. 1-17(b), and to determine its applicability to the statute of limitations covering malpractice actions as set forth in G.S. 1-15(c). The very language of G.S. 1-17(b) requires that these two statutes be construed in pari materia. G.S. 1-17(b) applies specifically to "an action on behalf of a minor for malpractice." G.S. 1-17(b) states that notwithstanding the language in subsection (a), malpractice actions brought by minors are to be brought within the time limitations specified by G.S. 1-15(c), except that the minor claimant may bring the action before attaining the age of 19.
Appellant contends that a claimant in a professional malpractice case must file the action within the time limitations contained in G.S. 1-15(c), unless that period expires before the claimant reaches 19 years of age. In that case, appellant argues the claimant may bring the action at any time before he or she reaches age 19. Appellees contend, however, that the appointment of a guardian causes the statute to begin to run against a minor claimant and G.S. 1-17(b) does not toll it. So, in this case, according to appellee's argument, the statute of limitations began running on 7 May 1982 when Helen Williams was appointed guardian. Since this action was filed more than five years after that date, appellees argue that the claim is barred by G.S. 1-15(c).
Our examination indicates that the language contained in G.S. 1-17(b) is quite clear. First, it refers specifically to malpractice actions brought on behalf of a minor plaintiffthe exact circumstances in the case sub judice. Secondly, it requires the action to be commenced within the time limitations specified in G.S. 1-15(c), but then provides for the exact situation before us. If the time limitations (as set forth in G.S. 1-15(c)) expire "before such minor attains the full age of 19 years, the action may be brought before said minor attains the full age of 19 years." (Emphasis added.) Here, the time limitation has expired and the minor has not attained the full age of 19 years. The statute, therefore, expressly allows the minor plaintiff in this case to commence the action. When the language of a statute is clear, such as the language in this case, we are required to give the statute its logical application. See State v. Carpenter, 173 N.C. 767, 92 S.E. 373 (1917).
Furthermore, we reject that part of defendant's argument which is based upon Johnson v. Insurance Co., 217 N.C. 139, 7 S.E.2d 475 (1940). Defendant asserts that the Johnson case, and cases which follow it, stand for the proposition that exposure to a suit by a guardian for the allotted time would constitute a bar to the action of the ward. Even if that assertion is a correct one, a fact of which we are not wholly convinced, the Johnson court was required to construe a different statute, G.S. 407, in order to reach its decision. Our decision is squarely based upon G.S. 1-17(b). The law as set forth in Johnson cannot control the specific language contained in G.S. 1-17(b) which deals exclusively with minors and their rights to commence a malpractice action prior to attaining the full age of 19, when the statute of limitations in G.S. 1-15(c) has nevertheless expired.
We note that defendant's contention, if accepted, would work an unfair hardship on an orphaned minor. Based upon defendant's argument, the statute would begin running upon the guardian's appointment for an orphaned minor while a minor with a living parent would not be similarly faced *798 with the running of the statute of limitations. This Court cannot conceive that the General Assembly intended to limit the time in which an orphaned minor could bring a malpractice action, yet extend the time to bring a suit for those minors with parents as natural guardians.
Accordingly, we find that the trial court erred in dismissing plaintiff's cause of action. The action was not barred by G.S. 1-17.
Finally, plaintiff raises the issue of whether the lower court erred in granting defendant Martin's motion to amend her answer. In light of our decision to remand this case to the trial court for appropriate action, it is unnecessary to address that issue.
Reversed and Remanded.
HEDRICK, C.J., and WELLS, J., concur.