SONJA EVETTE PRICE, PLAINTIFF v. CITY OF WINSTON-SALEM, DEFENDANT

No. COA99-1266

(Filed 19 December 2000)

**1. Cities and Towns— fall on sidewalk—expansion joint— notice of defect—negligence**

The trial court erred by granting summary judgment for defendant-city based on the absence of negligence in an action arising from plaintiff falling on a wooden stake after her heel lodged in an expansion joint in a sidewalk. The dispositive issue is whether there is sufficient evidence from which a jury could find that defendant was in such proximity to the site as to be on constructive notice of the alleged defect and it cannot be held that the facts on the issue were clearly established or admitted.

**2. Cities and Towns— fall on sidewalk—contributory negligence**

The trial court erred by granting summary judgment for defendant-city based upon contributory negligence in an action arising from a fall by plaintiff after her heel lodged in an expansion joint in a sidewalk. The evidence did not so clearly establish plaintiff's negligence that a jury could not reasonably reach a differing conclusion.

Judge GREENE dissenting.

Appeal by plaintiff from order entered 24 May 1999 by Judge Richard L. Doughton in Forsyth County Superior Court. Heard in the Court of Appeals 12 September 2000.

*Kennedy, Kennedy, Kennedy & Kennedy, LLP, by Harold L. Kennedy, III and Harvey L. Kennedy for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, PLLC, by Gusti W. Frankel and Alison R. Bost for defendant-appellee.*

FULLER, Judge.

Plaintiff Sonja Evette Price ("plaintiff") appeals the entry of summary judgment in favor of defendant City of Winston-Salem ("defendant"). Evidence presented on the motion tended to show that on 11 August 1995 plaintiff was walking among a group of pedestrians on Church Street in Winston-Salem when her right heel lodged in a space in the sidewalk. Plaintiff lost her balance and fell on a wooden stake protruding from the ground at the edge of the sidewalk. Plaintiff sustained injuries which included a fractured foot. As a result, on 11 August 1998 plaintiff initiated this suit alleging defendant's negligence in failing to warn of and remedy a dangerous condition. On 7 May 1999 defendant moved for summary judgment, and the motion was heard on 24 May 1999.

Plaintiff offered evidence that she fell on the sidewalk located on the west side of the 100 block of North Church Street near the corner of North Church and Second Streets and in front of City Hall. Plaintiff submitted the affidavit of Frank Evans, a Senior Coordinator for defendant, who stated that the portion of sidewalk on which plaintiff fell was an "expansion joint" where a piece of felt is placed in the sidewalk to prevent buckling. The length of the expansion joint was approximately 5½ feet long, 1½ inches wide, and zero to ½ inch deep. Plaintiff submitted her own affidavit wherein she testified the black felt material normally used to fill such an expansion joint had eroded, leaving a surface the same color as the surrounding sidewalk. Plaintiff testified the expansion joint "was not an obvious defect" and the gap was "not easy to see because its surface was the same color as the sidewalk." Plaintiff testified the wooden stake was also "camouflaged" because it blended with surrounding "numerous landscaping wood chips."

Defendant proffered evidence that although it had engaged in construction surveying work involving the placing of stakes on Church Street at the relevant time, any such staking work was performed in the 100 block of South Church Street and not the 100 block of North Church Street in front of City Hall and near the intersection of Second Street. Defendant offered the affidavit of City Engineer

Jack Anderson Leonard who testified that all survey staking work for the City is performed by City surveyors in the Engineering Division, and that diligent review of all Engineering Division records revealed that in 1995 no City Engineering Division employee, nor anyone contracted by the Engineering Division, performed survey staking on the west side of North Church Street in front of City Hall. Rather, Engineering Division records showed that in 1995 defendant engaged in engineering and construction work around the old City employee parking lot, bounded by First Street, South Chestnut Street, Belews and Main Street. The stakes were removed from the site before the sidewalks were reopened to pedestrians.

In addition, defendant offered evidence that a private construction company engaged in construction work on North Church Street in 1995. Mr. Leonard testified in his affidavit that a private company employed to construct the Wachovia Bank parking deck removed and replaced portions of sidewalk on the west side of North Church Street adjoining City Hall while constructing an underground tunnel. Defendant submitted therewith a copy of an Easement Agreement signed 2 May 1994 wherein defendant granted Wachovia Bank a temporary easement over portions of the sidewalk in the 100 block of North Church Street for purposes of constructing the tunnel.

In response, plaintiff submitted deposition testimony of City surveyor John Spainhour to the effect that he performed staking work on Second Street and on Church Street south of City Hall between First Street and Salem Avenue. Mr. Spainhour testified he spent five hours on Second Street doing construction staking work the week plaintiff fell, and six hours on Church Street staking around the city parking lot south of City Hall. Plaintiff also offered the deposition testimony of Steve Fleming, a claims adjuster for defendant, who testified he believed defendant had performed construction staking work on Church Street. Further deposition testimony offered by plaintiff tended to establish defendant conducted construction staking work in the "100 block of Church Street," and that subsequent to plaintiff's accident barricades were placed in the 100 block of North Church Street where plaintiff fell.

At the hearing's conclusion the trial court entered an order granting summary judgment in favor of defendant, finding "there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law." Plaintiff appeals.

**[1]** Plaintiff assigns error to the trial court's entry of summary judgment in favor of defendant, arguing there existed genuine issues of material fact sufficient to survive defendant's motion. It is well-established that our review of the grant of a motion for summary judgment requires the two-part analysis of whether, "(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664 (2000) (citations omitted). Summary judgment is rarely appropriate in a negligence action, *Cucina v. City of Jacksonville*, 138 N.C. App. 99, 102, 530 S.E.2d 353, 355, *disc. review denied*, 353 N.C. 588, —— S.E.2d —— (2000) (citation omitted), and should only be granted after the facts are clearly established or admitted, and the issue of negligence has been reduced to a mere question of law. *Osborne v. Annie Penn Memorial Hospital*, 95 N.C. App. 96, 99-100, 381 S.E.2d 794, 796, *disc. review denied*, 325 N.C. 547, 385 S.E.2d 500 (1989) (citation omitted).

In order to establish a city's negligence in the maintenance of its sidewalks, a plaintiff must introduce evidence sufficient to support jury findings that the plaintiff, (1) fell and sustained injuries, (2) the proximate cause of the injuries was a defect in the sidewalk, (3) the defect was such that a reasonable person knowing of its existence should have foreseen the likelihood of the injury, and (4) the city had actual or constructive notice of the defect for a sufficient time prior to the plaintiff's fall such that the condition could have been remedied. *See Cook v. Burke County*, 272 N.C. 94, 97, 157 S.E.2d 611, 613 (1967) (citation omitted). In a summary judgment proceeding, defendant carries the burden of establishing that no genuine issue as to any of these necessary elements exists and that plaintiff cannot produce evidence sufficient to support an essential element of the claim. *See Cucina*, 138 N.C. App. at ——, 530 S.E.2d at 355. All evidence must be considered in the light most favorable to the nonmovant. *Lynn v. Burnette*, 134 N.C. 731, 531 S.E.2d 275 (2000).

As a preliminary matter, we are unpersuaded that the stake upon which plaintiff fell is relevant to the outcome of this appeal. Plaintiff repeatedly argues defendant was actively negligent in placing the stake in close proximity to the sidewalk. Defendant argues that the stake likely was placed there by a private contractor. Regardless of who placed the stake, the evidence does not reveal that the stake in any way caused plaintiff's fall, and indeed, there is no forecast of evi-

dence tending to show plaintiff's injuries were any more significant than had the stake not been present. Plaintiff has not argued a theory of enhanced injury based on the placement of the stake, and we will not reach out to address this unbriefed issue.

Moreover, we note that the first three elements of plaintiff's claim are not in dispute. Defendant does not dispute that plaintiff fell and injured herself on the expansion joint. Despite defendant's evidence that the expansion joint was "standard," defendant has also not produced evidence to counter plaintiff's affidavit testimony that the black felt material normally used to fill such a joint had eroded, and therefore the unevenness in the sidewalk created by the expansion joint was hidden. Nor has defendant proffered any evidence in support of its motion tending to show that a reasonable person, knowing the condition of the expansion joint and adjacent stake, would not have foreseen the likelihood of plaintiff's injury.

Rather, the dispositive issue on appeal is whether there is sufficient evidence from which a jury could find that defendant was in such proximity to the expansion joint that defendant was on constructive notice of its alleged defect. Defendant's evidence focuses on testimony from City officials that although defendant was engaged in staking work on Church Street at the relevant time, defendant did not perform work in the 100 block of North Church Street where plaintiff allegedly fell. Therefore, defendant argues plaintiff failed to establish that defendant created a dangerous condition or had actual or constructive notice of any such condition.

However, plaintiff presented deposition testimony tending to show City employees performed staking work on Second Street and in the "100 block of Church Street" during the week plaintiff fell. In *Nourse v. Food Lion, Inc.*, 127 N.C. App. 235, 488 S.E.2d 608 (1997), *affirmed*, 347 N.C. 666, 496 S.E.2d 379 (1998), this Court held the entry of summary judgment in favor of the defendant-store improper where the plaintiff's evidence raised an inference that the defendant had constructive notice of the presence of a grape and water on its floor. While the defendant presented evidence to show none of its employees was aware of the water or grape on the floor, the plaintiff presented evidence that the grape was brown, giving inference that it had been on the floor for some time, and that the water likely resulted from ice that had fallen from the grape display and had been on the floor long enough to melt. *Id.* at 241, 488 S.E.2d at 612. This court held such an inference was sufficient to create a genuine issue as to

whether the defendant had constructive notice of the condition which caused the plaintiff's fall. *Id.*

Likewise, in the present case, plaintiff's evidence is sufficient to create an inference from which a jury might conlcude that defendant's agents were working in the vicinity of plaintiff's accident, and thus, should have had either actual or constructive knowledge of the condition of the expansion joint. We cannot hold the facts of what occurred and whether defendant created or should have known of the condition leading to plaintiff's injuries were clearly established or admitted and that "the issue of negligence has been reduced to a mere question of law." *See Osborne*, 95 N.C. App. at 99-100, 381 S.E.2d at 796. In fact, a most careful review of the entire record now before this Court leaves the reader unclear about precisely where the various events took place. Where such questions exist, it is the jury's proper role to answer them. The entry of summary judgment was therefore improper.

**[2]** Moreover, defendant argues summary judgment was also appropriately granted on grounds that plaintiff was contributorily negligent as a matter of law. While the trial court's order is not clear as to whether contributory negligence was a factor in the entry of summary judgment, " '[i]f the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal. If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered.' " *Harter v. Vernon*, 139 N.C. App. 85, 95, 532 S.E.2d 836, 842 (2000) (quoting *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989)).

Here, however, the trial court's entry of summary judgment cannot be supported by plaintiff's alleged contributory negligence. "Issues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment. Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted." *Blue v. Canela*, 139 N.C. App. 191, 195, 532 S.E.2d 830, 833, *disc. review denied*, 352 N.C. 672, —— S.E.2d —— (2000) (citation omitted). Plaintiff testified that both the expansion joint and wooden stake were not readily visible; that because she was walking in a group of pedestrians she was "keeping a proper lookout" by looking straight ahead; that the sunlight was in her face; and that distractions such as pedestrian and vehicle traffic and loud construction on Church Street were occurring

prior to her fall. The evidence does not so clearly establish plaintiff's negligence that a jury could not reasonably reach a differing conclusion.

The trial court's entry of summary judgment in favor of defendant was error.

Reversed and remanded.

Judge EDMUNDS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority that a genuine issue of material fact exists regarding whether defendant was negligent. I, therefore, would affirm the order of the trial court granting summary judgment in favor of defendant.

### Active negligence

Plaintiff argues defendant was actively negligent when it placed a stake at the edge of the sidewalk where plaintiff was injured.

"Active negligence 'denotes some positive act or some failure in duty of operation which is equivalent of a positive act.' " *Nourse v. Food Lion, Inc.*, 127 N.C. App. 235, 238 n.1, 488 S.E.2d 608, 611 n.1 (1997) (quoting *Black's Law Dictionary* 33 (6th ed. 1990)), *aff'd per curiam*, 347 N.C. 666, 496 S.E.2d 379 (1998).

In this case, plaintiff presented evidence that a stake had been placed in the ground adjacent to the area of the sidewalk containing the alleged defective expansion joint, which was located on the 100 block of North Church Street. Plaintiff, however, did not present any evidence that defendant actually placed the stake in the ground or performed any work in the area surrounding the stake. Rather, the only evidence is that defendant did not perform any work on the 100 block of North Church Street in 1995. Terry Cornett (Cornett), the street superintendent for defendant, testified at his deposition that defendant did not perform any work in the 100 block of North Church Street in 1995. Instead, Cornett testified the work performed by defendant on Church Street in 1995 was done in the 100 block of South Church Street. Additionally, Frank Evans, a senior coordinator whose division is responsible for pouring concrete for defendant, tes-

tified in his deposition that he did not perform any repair work on the 100 block of North Church Street in 1995. Finally, Joe Owens (Owens), an employee with defendant's street division, testified in his deposition that he inspected repaving work done in the 100 block of South Church Street in 1995. Plaintiff, however, contends the deposition testimony of Steve Fleming that Ronnie Swicegood and Owens both told him repair work was done in "the 100 block of Church Street" in 1995 is evidence defendant performed work in the 100 block of North Church Street during this time. Because Fleming did not specify in his testimony whether work was done on the north or south "100 block of Church Street," his testimony does not raise a genuine issue of material fact regarding whether defendant performed work in the area where plaintiff was injured on North Church Street.[1] Accordingly, there is no genuine issue of material fact regarding whether defendant was actively negligent.

### Passive negligence

Plaintiff also argues defendant was passively negligent because defendant had actual and constructive notice of the alleged defect in the sidewalk that caused plaintiff's injury.

"Passive negligence 'is negligence which permits defects, obstacles, or pitfalls to exist on premises.'" *Id.* (quoting *Black's Law Dictionary* 1034). In order to show a city was passively negligent in allowing a defect to exist on a sidewalk, plaintiff must present evidence, in pertinent part, that "the city had actual or constructive notice of the existence of the condition for a sufficient time prior to the plaintiff's fall to remedy the defect or guard against injury therefrom." *Waters v. Roanoke Rapids*, 270 N.C. 43, 48, 153 S.E.2d 783, 788 (1967).

### 1. actual notice

Plaintiff argues in her brief to this Court that defendant had actual notice of the alleged defect in the sidewalk because defendant "placed [in the ground] the stake adjacent to the defective expansion joint." As noted above, plaintiff did not present evidence that defendant placed a stake in the ground in the 100 block of North Church Street or that defendant even performed any work in the 100 block of

---

1. Plaintiff also argues John Spainhour (Spainhour) testified in his deposition that defendant was "planting stakes on Church and Second streets" in 1995. Spainhour's testimony, however, makes no reference to North Church Street. Rather, Spainhour testified he performed work on Second Street during this time period.

North Church Street in 1995. Accordingly, there is no genuine issue of material fact regarding whether defendant had actual notice of the alleged defect in the sidewalk.

## 2. constructive notice

Plaintiff also argues defendant had constructive notice of the alleged defect in the sidewalk because "if [defendant] had reasonably inspected the sidewalk, it would have known of the complete deterioration of the expansion joint."

"Constructive [notice] of a dangerous condition can be established in two ways: the plaintiff can present direct evidence of the duration of the dangerous condition, or the plaintiff can present circumstantial evidence from which the fact finder could infer that the dangerous condition existed for some time." *Thompson v. Wal-Mart Stores, Inc.*, 138 N.C. App. 651, 536 S.E.2d 662, (2000). Further, "[t]he duty of a municipality to keep its streets and sidewalks in a reasonably safe condition implies the duty of reasonable inspection from time to time." *Rogers v. City of Asheville*, 14 N.C. App. 514, 517, 188 S.E.2d 656, 658 (1972). Evidence that a dangerous condition existed for a time period during which defendant would have had a duty "of reasonable inspection" and evidence a "reasonable inspection" would have revealed the dangerous condition is, therefore, evidence of constructive notice.

In this case, plaintiff did not present any direct evidence regarding how long the alleged defective condition in the sidewalk existed prior to her injury. Additionally, Plaintiff did not present any circumstantial evidence that the alleged defective condition existed for a period of time sufficient to show a "reasonable inspection" by defendant would have revealed the alleged defect. Plaintiff, therefore, did not present evidence defendant had constructive notice of the alleged defective condition. Accordingly, because plaintiff did not present sufficient evidence to raise a genuine issue of material fact regarding whether defendant was actively or passively negligent, I would affirm the trial court's order granting summary judgment in favor of defendant.