CYNTHIA H. CARROLL, Plaintiff,
v.
RANDOLPH COUNTY, Defendant.
No. COA07-1446
Court of Appeals of North Carolina.
Filed August 19, 2008
This Case not for Publication
Carruthers & Roth, P.A., by Kenneth R. Keller and William J. McMahon, IV, for plaintiff-appellant.
Teague, Campbell, Dennis & Gorham, L.L.P., by Carla Martin Cobb, for defendant-appellee.
JACKSON, Judge.
On 1 October 2004, at approximately 6:45 in the evening, plaintiff arrived with her husband at the Randolph County Jail to visit her sister's son's girlfriend, who was being held at the jail, and her sister, who planned to arrive around 7:00 p.m. to visit her son's girlfriend. Plaintiff left her car, and began walking along a sidewalk towards the jail entrance, with her husband following approximately twenty feet behind. Plaintiff had not visited the Randolph County Jail previously. As plaintiff madeher way towards the jail entrance, her left foot hit something in the walkway, causing her to fall and break bones in her left foot. Only after falling did plaintiff realize that she had tripped over a light fixture installed by Randolph County Jail for the purpose of illuminating its sign at night. Jail personnel assisted plaintiff back to her car after the accident, and her husband drove her to a nearby hospital for treatment. There were no warning signs or other indicators alerting jail visitors of the light fixture affixed to the sidewalk in the pedestrian thoroughfare.
Randolph County ("defendant") had purchased liability insurance covering its negligent acts. Plaintiff filed a complaint against defendant on 28 September 2006, alleging its negligence was the proximate cause of her injuries. Defendant filed an answer on 1 December 2006 denying negligence and asserting plaintiff's contributory negligence as an affirmative defense. Defendant subsequently moved for summary judgment on 23 May 2007, and a hearing on the Summary Judgment Motion was held 13 August 2007. After hearing argument from counsel, the trial court granted defendant's motion and entered summary judgment in defendant's favor by order entered 7 September 2007, and dismissed plaintiff's action. Plaintiff appeals the 7 September 2007 order. Additional facts relevant to our holding are included in the body of the opinion.
In plaintiff's sole argument on appeal, she contends that the trial court erred in granting defendant's motion for summary judgment of her negligence claim. We agree. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The burden is on the moving party to demonstrate a lack of any triable issue. The moving party can meet its burden "by proving that an essential element of the opposing party's claims is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." Once the moving party meets its burden, the nonmoving party must make a forecast of the evidence demonstrating the ability to present at least a prima facie case at trial. "In ruling on the motion, the court must consider the evidence in the light most favorable to the nonmovant, and the slightest doubt as to the facts entitles him to a trial." Because summary judgment is a drastic remedy, it should be used with caution.
Bartlett v. Jacobs, 124 N.C. App. 521, 524-25, 477 S.E.2d 693, 696 (1996)(citations omitted). "Summary judgment is rarely appropriate in a negligence action, and should only be granted after the facts are clearly established or admitted, and the issue of negligence has been reduced to a mere question of law."Price v. City of Winston-Salem, 141 N.C. App. 55, 58, 539 S.E.2d 304, 306 (2000)(citations omitted). "When reviewing a lower court's grant of summary judgment, our standard of review is de novo." Ramey v. Easley, 178 N.C. App. 197, 199, 632 S.E.2d 178, 179 (2006). "Our Supreme Court has held that all persons, other than trespassers, on a landowner's property are owed a duty of reasonable care. A duty of reasonable care means that a landowner must not expose lawful visitors to danger unnecessarily and must provide such visitors with warnings of hidden hazards of which the landowner has actual or constructive knowledge." Grayson v. High Point Dev. Ltd. P'ship, 175 N.C. App. 786, 788-89, 625 S.E.2d 591, 593 (2006).
In the instant case, the evidence, taken in the light most favorable to plaintiff, the non-moving party, is as follows: Plaintiff was walking along a sidewalk maintained by defendant, which was approximately three feet wide. She was looking for her sister among approximately twenty people waiting outside the jail, and walking in a normal manner and at a normal speed. She was not hurrying, as she believed herself to be early for the appointed meeting time, and did not believe it likely her sister had made it to the jail before her. There was a brick retaining wall directly to her right, which made a sharp turn to the right up ahead of her. Another sharp turn to the right led to stairs which would take plaintiff to the entry doors of the jail. Between these two sharp turns on the path plaintiff was taking toward the jail entrance, along a straight section of the wall, was a sign which read "Randolph County Jail". Approximately three feet in front of the sign, mounted in the sidewalk, was a light fixture which was used to illuminate the sign at dark. It was not yet dark, and plaintiff never saw any illumination from this area. There is no evidence that the light fixture was illuminated at the time of the accident. The light fixture was approximately eight inches in height, four inches in width and four feet in length. The fixture ran parallel to the face of the wall upon which the sign was affixed. As plaintiff approached the first sharp right turn in the retaining wall, she was unable to see the light as it was obscured by the retaining wall. The area around the light and sign was used as a gathering/waiting area for people visiting the jail, and people commonly sat upon the wall. As plaintiff approached the first sharp right turn in the wall, there were approximately four people sitting on the wall directly in front of the light fixture, and approximately three people sitting on the wall just before the sharp right turn. There were approximately four people standing in the sidewalk before the sharp right turn in the wall, and approximately eight people standing in the vicinity of the light fixture. There were approximately three people standing between plaintiff and the light fixture as she rounded the sharp right turn. One or more of these people was directly blocking her view of the light as she rounded the turn. Plaintiff had to weave through people as she made her way towards the stairs leading to the entrance of the jail. As she passed through some of these people, her left foot hit the light fixture, and she fell, breaking bones in her left foot. Jail personnel assisted plaintiff after her accident. Plaintiff never saw the light fixture before she tripped over it. The light fixture had required constant repair, apparently from being kicked. Defendant argued that the prior damage to the fixture resulted from people, mostly children, inadvertently kicking it as they sat upon the brick wall, or from people using the fixture as a footrest. Because of the distance of the fixture from the wall, and the height of the wall and the fixture itself, people sitting on the wall could not have caused the prior damage, either from kicking it or using it as a footrest. Defendant produced no documentation indicating how often the fixture required repair, or of what the prior damage consisted. Plaintiff contends the light fixture, which was mounted in the walkway area in front of the sign, constituted a violation of North Carolina Standard Building Code, section 2202.2, which states: "Public property shall be maintained clear of any and all obstructions. . . ." At some point after plaintiff's injury, defendant removed the light fixture.
In order to prove defendant's negligence was responsible for her injuries in the instant case, plaintiff needs to prove:
(1) She fell and sustained injuries; (2) the proximate cause of the fall was a defect in or condition upon the sidewalk; (3) the defect was of such a nature and extent that a reasonable person, knowing of its existence, should have foreseen that if it continued some person using the sidewalk in a proper manner would be likely to be injured by reason of such condition; (4) the [municipality] had actual or constructive notice of the existence of the condition for a sufficient time prior to the plaintiff's fall to remedy the defect or guard against injury therefrom.
Willis v. City of New Bern, 137 N.C. App. 762, 764, 529 S.E.2d 691, 692 (2000)(quoting Cook v. Burke County, 272 N.C. 94, 97, 157 S.E.2d 611, 613 (1967) (quotation marks omitted)); see also Desmond v. City of Charlotte, 142 N.C. App. 590, 592-93, 544 S.E.2d 269, 271 (2001).
In the instant case, it is undisputed that plaintiff tripped over a light fixture installed by defendant in a sidewalk or walkway area that was under its control. Further, there is nodispute that plaintiff suffered injuries as a result of tripping over that light fixture. Plaintiff alleges the light fixture, as placed, constituted a defect and an obstruction on defendant's sidewalk. Because defendant installed the light fixture, there is no dispute that it had actual knowledge of the alleged obstruction, and there is no dispute that there were no warning signs or other indicators alerting visitors to this potentially hazardous condition. The only question remaining under the Willis standard, supra, is whether a reasonable person in defendant's position should have foreseen the likelihood of injury similar to that plaintiff sustained as a result of the placement of the light fixture.
Taking the evidence in the light most favorable to plaintiff, the light fixture was obstructed by the retaining wall until she rounded the corner, that area was a popular place for people to congregate, either sitting on the wall near the light fixture, or milling about and standing around the light fixture. Plaintiff had to weave through certain bystanders, and thus any inattention to the ground directly under her feet could be deemed reasonable by a trier of fact.See Price v. City of Winston-Salem, 141 N.C. App. 55, 60-61, 539 S.E.2d 304, 307-08 (2000). Defendant knew the area around the fixture was a popular gathering place, and should have known the fixture could be obstructed from the view of people exercising reasonable caution navigating around the retaining wall and through congregating people. The fixture in question had been damaged, purportedly by "kicking" on several occasions prior to plaintiff's accident, and had been repaired. The evidence taken in the light most favorable to plaintiff suggests any kicking done to the fixture was not the result of people sitting on the retaining wall, but must have been done by people standing or walking on the sidewalk near to the light. The trier of fact could infer that this prior damage resulted from others who had tripped over the fixture in the past. Defendant removed the fixture after plaintiff's accident and injury.
We hold that taking the evidence in the light most favorable to plaintiff, she has presented sufficient evidence to survive defendant's motion for summary judgment as to all four elements enumerated in the Willis opinion.
Further, "Plaintiff is correct that [municipalities] have a statutorily imposed `duty to keep the public streets, sidewalks, alleys, and bridges open for travel and free from unnecessary obstructions,' see N.C.G.S. § 160A-296(a)(2) (1994)." Vanasek v. Duke Power Co. 132 N.C. App. 335, 340, 511 S.E.2d 41, 45 (1999). "The purpose of the North Carolina Building Code, authorized by article 9, chapter 143 of the General Statutes, is to establish certain minimum standards as to materials, design, and construction of buildings `for the protection of the occupants of the building or structure, its neighbors, and members of the public at large.' N.C.G.S. § 143-138(b) (1987); North Carolina State Building Code § 101.2 (1978)." Collingwood v. General Electric Real Estate Equities, Inc., 324 N.C. 63, 68-69, 376 S.E.2d 425, 428 (1989) (emphasis in original). "The N.C. Building Code has the force of law, any person adjudged to have violated the Code shall be guilty of a misdemeanor, G.S. § 143-138(h); and a violation thereof is negligence Per se[.]" Lindstrom v. Chesnutt, 15 N.C. App. 15, 22, 189 S.E.2d 749, 754 (1972);see also Lassiter v. Cecil, 145 N.C. App. 679, 684, 551 S.E.2d 220, 223 (2001),rev. denied, 354 N.C. 363, 556 S.E.2d 302.
As plaintiff alleges defendant violated the North Carolina Building Code by installing a light fixture on a public walkway, plaintiff presented issues of fact concerning whether defendant's acts constituted negligence per se. It is the province of the trier of fact to make factual determinations concerning whether defendant violated the North Carolina Building Code by its placement of the light fixture. Viewing the evidence in the light most favorable to plaintiff, the trial court erred in granting defendant's motion for summary judgment.
Defendant argues that the trial court also was correct to grant its motion for summary judgment because plaintiff was contributorily negligent. Defendant argues that the light fixture was in plain sight, and that plaintiff was not exercising due care because she was looking around for her sister instead of watching her step.
"Summary judgment is rarely appropriate on claims of contributory negligence. Summary judgment should not be allowed on a contributory negligence claim unless the only conclusion that can be reached from the evidence is that plaintiff was contributorily negligent." Bartlett v. Jacobs, 124 N.C. App. 521, 525, 477 S.E.2d 693, 696 (1996). We hold that there exist genuine issues of fact concerning any possibility of plaintiff's contributory negligence. As the evidence stated above suggests, the trier of fact could determine that plaintiff's view of the fixture was blocked first by the wall, then by other people standing between her and the light. Plaintiff had never visited Randolph County Jail before. Her attention to the people through whom she needed to maneuver, rather than to the ground directly under her feet, does not constitute contributory negligence per se. Price, 141 N.C. App. at 60-61, 539 S.E.2d at 307-08. The grant of summary judgment on this issue was improper. See Jacobs, 124 N.C. App. at 525, 477 S.E.2d at 696.
For the above reasons, we reverse the trial court's entry of summary judgment in favor of defendant.
Reversed and remanded.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).