**Wanda HOTT, an individual d/b/a Ray's Towing, Plaintiff,**

v.

**CITY OF SAN JOSE and Bill Lansdowne, Defendants.**

**No. C9920843JFEAI.**

United States District Court, N.D. California, San Jose Division.

April 13, 2000.

Christopher Ashworth, San Jose, CA, for Plaintiff.

Richard Doyle, George Rios, Judith Propp, Office of City Attorney, San Jose, CA, for Defendants.

## ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND

FOGEL, District Judge.

This case and the related case of *SYL-DYLD, Inc. v. City of San Jose,* No. C 99 20928 JF EAI (N.D. Cal. filed Sept. 13, 1999), present a challenge to Defendant City of San Jose's regulation of the towing industry. Plaintiff Wanda Hott previously requested a temporary restraining order and a preliminary injunction to prevent the enforcement of the City's regulations; the Court denied those requests. Defendants [1] now move for dismissal of this case, arguing that Plaintiff has failed to state a claim upon which relief can be granted and that she cannot amend her Complaint to state a viable claim. Defendants also request that the Court take judicial notice of various documents filed in two cases in two California state courts. Plaintiff opposes the motion and takes no position on the request for judicial notice. The Court has read the moving and responding papers; the matter was submitted without oral argument on April 10, 2000. For the reasons set forth below, both the request for judicial notice and the motion to dismiss will be granted.

## I. BACKGROUND

Plaintiff owned and operated a for-hire motor-carrier business known as Ray's Towing in the City of San Jose for more than twenty-five years. Ray's Towing transports disabled and illegally parked motor vehicles by means of tow trucks.

---

1. Defendant Bill Lansdowne is Defendant City's Chief of Police.

Defendant City instituted an administrative action against Ray's Towing following a police investigation. In May 1999, the Deputy Chief of Police held an administrative hearing to determine whether Hott's tow-car license should be revoked. Both Plaintiff and the City submitted evidence. The Deputy Chief of Police issued a decision on May 26, 1999, revoking Hott's license, after determining that Ray's Towing intentionally engaged in unlawful, illegal, dishonest, fraudulent, deceitful, and unfair business practices in San Jose, in violation of several provisions of the California Vehicle Code and the San Jose Municipal Code. For example, the Deputy Chief of Police found clear and convincing evidence of fraud in that Ray's Towing routinely charged dolly fees when dollies were not used.

Hott appealed to the City's Appeals Hearing Board. On July 22, 1999, the Appeals Hearing Board upheld the revocation of Hott's license. San Jose Appeals Hearing Board Resolution 99–65 (1999). Hott then filed a Petition for Writ of Administrative Mandamus in the California Superior Court for the County of Santa Clara, seeking judicial review of the Appeals Hearing Board's resolution. Hott argued that the City's regulatory scheme was preempted by federal statute. The Superior Court (Nichols, J.) held a hearing on the writ on August 20, 1999, in which the parties argued the preemption issue. That same day, based on oral argument as well as briefs submitted previously, the Superior Court issued an order denying the writ. Hott filed the present action on August 23, 1999. The Court denied Hott's request for a temporary restraining order on August 25, 1999. The Court subsequently denied Hott's motion for a preliminary injunction on September 16, 1999.

On September 1, 1999, the San Jose Police Permits Unit issued a temporary tow-car business permit to Leona and Louis Del Prete to operate Ray's Towing. Hott and the Del Pretes had signed a Letter of Intent on July 21, 1999, for the sale of Ray's Towing to the Del Pretes.

## II. SUBJECT–MATTER JURISDICTION

This Court has jurisdiction of, inter alia, "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of jurisdiction is known as federal-question jurisdiction. The Court also has jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce . against restraints and monopolies. . . ." 28 U.S.C. § 1337. These provisions provide the asserted statutory bases for the Court's exercise of jurisdiction in the present case.

The United States Supreme Court has stated that the "vast majority" of cases for which such jurisdiction exists "are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Although the federal statute at issue in the instant action, 49 U.S.C. § 14501, does not create an express cause of action for its violation, a federal statute can create an implied right of action. *See J.I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). It is not at all clear that the statute at issue in the instant litigation creates such an implied right of action. *Cf., e.g., Nashoba Communications Ltd. Partnership No. 7 v. Town of Danvers,* 893 F.2d 435 (1st Cir.1990). Nevertheless, because Plaintiff's action also is based directly on the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2., the Court concludes that it has subject-matter jurisdiction of the instant litigation at least to the extent that Plaintiff seeks equitable relief. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Bud Antle, Inc. v. Barbosa,* 45 F.3d 1261, 1269 (9th Cir.1994); *Air Transport Ass'n of America v. City and County of San Francisco,* 992 F.Supp. 1149, 1180–81 (N.D.Cal.1998).

## III. REQUEST FOR JUDICIAL NOTICE

■ Defendants request that the Court take judicial notice of various documents filed in *Hott v. City of San Jose Police Dep't Permits Unit*, No. CV 783654 (Super. Ct. Cal., Santa Clara County, Aug. 17, 19 & 20, 1999) (memoranda regarding petition for writ of administrative mandamus), as well as an order filed in *City and County of San Francisco v. Servantes*, No. 997–979 (Super.Ct.Cal., San Francisco County, Nov. 4, 1999) (Order Denying Defendants' Motion in Limine Regarding Preemption). Plaintiff takes no position on Defendants' request. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of papers filed in other courts. *See Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998). The documents proffered by Defendants are relevant to the present matter. Accordingly, the Court will grant Defendants' request.

## IV. LEGAL STANDARD OF REVIEW

The issue to be decided on a motion to dismiss is not whether a plaintiff's claims have merit but whether the moving defendant has shown beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court's review is limited to the face of the complaint, documents referenced by the complaint and matters of which the court may take judicial notice. *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir.1991); *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n. 4 (9th Cir.1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). Ordinarily, a complaint may be dismissed as a matter of law for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984) (citing 2A J. Moore, *Moore's Fed. Practice* ¶ 12.08 at 2271 (2d ed.1982)). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *See Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir.1987). For a motion to dismiss to be granted, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987). Motions to dismiss generally are viewed with disfavor under this liberal standard and are rarely granted. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997).

## V. DISCUSSION

Where state law conflicts with federal law, the state law is preempted and without effect. *See* U.S. Const. art. VI, cl. 2; *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). Hott argues that the City's regulation of the towing industry is preempted by federal law. The relevant section reads:

> [A] state, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route, or service of any motor carrier ... with respect to the transportation of property.

49 U.S.C. § 14501(c)(1).

The City responds that its regulations are authorized by an exception to this provision. The exception reads that the paragraph quoted above

> shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to

minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

49 U.S.C. § 14501(c)(2)(A).

The United States Court of Appeals for the Second Circuit recently addressed this same issue in *Ace Auto Body & Towing, Ltd. v. City of New York,* 171 F.3d 765 (2d Cir.1999). *Ace Auto Body* dealt with a situation similar to the present case but involving the towing industry in and near New York City. The plaintiffs, members of the tow-truck industry and their affiliates in and near New York City, filed an action challenging New York City's regulation of the tow-truck industry. The regulations required a towing company to obtain a license. In order to qualify for a license, a towing company was required to maintain liability insurance, post a surety bond, and demonstrate that the principals had no relevant criminal history. Additional rules governed the mechanical safety of tow trucks, the information displayed on the trucks, reporting, and record keeping. *See id.* at 768–69.

The Second Circuit found that requirements regarding licensing, the displaying of information, reporting, record keeping, criminal history, insurance, and the posting of bond by towing companies, as well as a requirement that they maintain their own storage and repair facilities, were within the safety-regulation and financial-responsibility exemption of 49 U.S.C. § 14501(c)(2)(A). The court declared that "Most of these requirements are so directly related to safety or financial responsibility and impose so peripheral and incidental an economic burden that no detailed analysis is necessary to conclude that they fall within the § 14501(c)(2)(A) exemptions." 171 F.3d at 776. The Second Circuit therefore held that 49 U.S.C. § 14501(c) does not preempt such regulations. *See* 171 F.3d at 779; *see also Servantes* (Order Denying Defendants' Motion in Limine Regarding Preemption) (holding that San Francisco's towing regulations are not preempted).

In the present case, the requirements imposed on the tow-truck industry by San Jose are similar to, although perhaps less onerous than, those imposed by New York City and upheld in *Ace Auto Body.* Like New York, San Jose requires prospective tow-truck business owners to provide proof of liability insurance and relevant criminal history. Other subsections of the San Jose Municipal Code set forth requirements for the displaying of information, reporting and record keeping. San Jose Municipal Code § 6.66.060 has a permit/licensing procedure that requires a prospective towing-company owner to file an application including general information regarding the name and address of the owner or owners. San Jose Municipal Code § 6.66.140 requires an applicant for a towing-business permit to show evidence of insurability as a condition of issuing the permit. These permit requirements are for the purpose of regulating safety and are of the same nature as the requirements in New York City which were upheld in *Ace Auto Body.*

In *Ace Auto Body,* the Second Circuit differed from the opinion of a sister circuit in *R. Mayer of Atlanta, Inc. v. City of Atlanta,* 158 F.3d 538 (11th Cir.1998), on which Plaintiff relies heavily. *R. Mayer* also dealt with a situation similar to the present case, but involving the towing industry in and near Atlanta. The Eleventh Circuit held that the safety exception to federal preemption found in 49 U.S.C. § 14501(c)(2)(A) did not apply to the regulations enacted by the City of Atlanta to govern its municipal towing industry because the exception applies only to states, not to municipalities. *See* 158 F.3d at 545–48.

However, *Ace Auto Body* recognized that where a state has delegated its au-

thority in this area to its subdivisions, the exception applies, and the subdivisions' regulations are not preempted. *See* 171 F.3d at 775–76; H.R. Conf. Rep. No. 103–677, at 84, 85, *reprinted in* 1994 U.S.C.C.A.N. 1756, 1757; *New Orleans Towing Ass'n, Inc. v. City of New Orleans,* No. Civ. A. 99–3131, 2000 WL 193071, at *8–11 (E.D.La. Feb.15, 2000); *AJ's Wrecker Service, Inc. v. City of Dallas,* Nos. 97–1311D, 97–2398D, 1998 WL 185521, at *3 (N.D. Tex. April 15, 1998); *Harris County Wrecker Owners for Equal Opportunity v. City of Houston,* 943 F.Supp. 711, 726–27 (S.D.Tex.1996). California has made such a delegation: "Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters: ... (g) Licensing and regulating the operation of tow truck service or tow truck drivers whose principal place of business or employment is within the jurisdiction of the local authority...." Cal. Veh.Code § 21100. Thus, under California law, San Jose has the authority to enact safety regulations for companies, such as Ray's Towing, that are based in San Jose.

Plaintiff cites *Harris County Wrecker* as additional support for her argument that San Jose's tow-truck regulations are preempted. In *Harris County Wrecker,* tow-truck owners sued the City of Houston, arguing that Houston's tow-truck ordinances were preempted by 49 U.S.C. § 14501(c)(1). The court considered this section in light of the exception in 49 U.S.C. § 14501(c)(2)(A). *See* 943 F.Supp. at 725–26. The court determined that, based upon the facts unique to that case, the city's ordinances were not related to safety because they attempted to limit the number of business tow-car permits issued. Since they did not fit within the safety exception, they were preempted. *See* 943 F.Supp. at 732. However, the present case is distinguishable from *Harris County Wrecker.* Unlike Houston, San Jose does not attempt to restrict the num-

ber of tow-truck companies; thus, unlike Houston's, San Jose's regulations are not economic in nature. Indeed, the court in *Harris County Wrecker* implicitly approved of regulations such as San Jose's. *See id.*

Plaintiff also relies upon the reasoning of the United States Supreme Court in *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). *Morales* addressed language in a statute dealing with aviation that parallels the federal-preemption statutory language dealing with motor carriers. The Court concluded that state guidelines of airlines' advertisements of fares are preempted. However, the aviation statute discussed in *Morales* does not contain a safety exception. *Morales* thus provides no guidance in interpreting the safety exception at issue in this case, and it is therefore distinguishable.

■■■ Federal law preempts state and local regulation of towing-industry rates, routes, and service. It does not preempt local regulations that concern safety when such regulations are authorized by state statute. The provisions of the San Jose Municipal Code that are at issue in the present case relate to safety concerns, not economic interests, and are authorized by the California Vehicle Code. Thus, they are not preempted, and Plaintiff has failed to state a claim upon which relief can be granted. Because the sole basis of the present lawsuit is Plaintiff's preemption argument, no purpose would be served by giving Plaintiff leave to amend her Complaint. Accordingly, the Court will dismiss this case without leave to amend and with prejudice. The Court need not consider other issues raised by the parties.

## VI. ORDER

The Court ORDERS: Defendants' Request for Judicial Notice is GRANTED and Defendants' Motion to Dismiss is

GRANTED without leave to amend and with prejudice.