TERRY RAMEY, D/B/A RAMEY WRECKER SERVICE, PLAINTIFF v. HONORABLE MICHAEL F. EASLEY, THE GOVERNOR OF THE STATE OF NORTH CAROLINA, THE DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, THE NORTH CAROLINA HIGHWAY PATROL, AND JOHN DOES 1-4, DEFENDANTS

No. COA05-1404

(Filed 20 June 2006)

**Administrative Law— wrecker services—safety exception— not preempted by federal law**

The trial court did not err by granting summary judgment for defendants in an action challenging the Highway Patrol's regulation of private wrecker services. The General Assembly delegated to the Department of Crime Control and Public Safety and the Highway Patrol the authority to make regulations governing inclusion in the Patrol's Wrecker Rotation List. Those regulations are not preempted by federal law because they fall within the safety regulation exception of 49 U.S.C. § 14501(c)(2)(A).

Appeal by plaintiff from order entered 15 July 2005 by Judge Ronald K. Payne in Haywood County Superior Court. Heard in the Court of Appeals 11 May 2006.

*McLean Law Firm, P.A., by Russell L. McLean, III, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Jeffrey R. Edwards, for defendants-appellees.*

TYSON, Judge.

Terry Ramey d/b/a Ramey Wrecker Service ("plaintiff") appeals from order entered denying his motion for summary judgment and

granting summary judgment in favor of The Honorable Michael F. Easley, the Department of Crime Control and Public Safety ("DCCPS"), the North Carolina Highway Patrol ("Highway Patrol"), and John Does 1-4 (collectively, "defendants"). We affirm.

## I. Background

Plaintiff owns and operates Ramey's Wrecker Service in Haywood County and uses trucks and equipment to tow motor vehicles. The North Carolina Department of Public Safety and Crime Control adopted rules and regulations governing private companies and equipment included on the Wrecker Rotation Services List maintained by the Highway Patrol. These rules and regulations became effective on 1 April 2001. Any wrecker service desiring to be included and remain on the Highway Patrol's Wrecker Rotation Services List is required to meet certain regulations contained in the North Carolina Administrative Code. Plaintiff's business was included on the Highway Patrol's Wrecker Rotation Services List. Plaintiff was removed from the Wrecker Rotation Services List for failing to: (1) respond to at least 75% of the calls made to him by the Highway Patrol; (2) maintain a current Department of Transportation inspection sticker on his large wrecker; and (3) have proper cables installed on his wreckers.

Plaintiff initially filed a complaint in the Haywood County District Court against Governor Easley, DCCPS, the Highway Patrol, John Does 1-6, and the Department of Transportation Highway Division ("DOT"). Plaintiff voluntarily dismissed with prejudice his claims against the DOT and John Does 5 and 6. Plaintiff sought a declaratory judgment for the wrecker rotation regulations to be declared illegal. He asserts federal law preempts the Highway Patrol's ability to establish regulations for private wrecker companies to be included on its Wrecker Rotation Services List. Plaintiff also sought money damages for an alleged interference with business advantage.

Defendants moved for summary judgment arguing the declaratory judgment and money damages plaintiff sought were barred by the doctrine of sovereign immunity. Plaintiff also moved for summary judgment. The trial court denied summary judgment for plaintiff and granted summary judgment in favor of defendants. Plaintiff appeals.

## II. Issues

Plaintiff argues the trial court erred by: (1) failing to grant partial summary judgment in favor of plaintiff because the Highway Patrol

has no "grant of rule-making authority" and no authority to regulate private wrecker businesses; and (2) granting summary judgment in favor of defendants because federal law preempts the rules promulgated by defendants.

### III. Standard of Review

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). The evidence must be considered in a light most favorable to the non-moving party. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). When reviewing a lower court's grant of summary judgment, our standard of review is *de novo. Id.*

> In most cases, the denial of a motion for summary judgment establishes only that there is a genuine issue of material fact, and the ruling does not dispose of the case. However, in the instant case, the denial of [plaintiff's] summary judgment motion and the grant of summary judgment in favor of . . . defendants disposed of the cause as to all parties and left nothing to be judicially determined by the trial court. Therefore, [plaintiff's] appeal of the denial of its summary judgment motion and the grant of summary judgment in favor of defendants was a final judgment on the merits of the case, instead of being an interlocutory appeal.

*Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999).

Plaintiff sought for a declaratory judgment. *See* N.C. Gen. Stat. § 1-253 (2005) ("Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. . . . The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."). We review issues of statutory construction *de novo. A&F Trademark, Inc. v. Tolson*, 167 N.C. App. 150, 153-54, 605 S.E.2d 187, 190 (2004), *cert. denied,* —— U.S. —— , 163 L. Ed. 2d 62 (2005).

### IV. Summary Judgment in Favor of Plaintiff: Statutory Authority

Plaintiff asserts the trial court erred in failing to grant summary judgment in his favor and argues the Highway Patrol has no grant of rule making authority. We disagree.

RAMEY v. EASLEY

[178 N.C. App. 197 (2006)]

Article II, Section 1 of the North Carolina Constitution vests the legislative power in the General Assembly. N.C. Const. art. I, sec. 1. The General Assembly is constitutionally prohibited from delegating its law making power to any other branch or agency which it may create. *Adams v. North Carolina Dep't of Natural & Economic Resources*, 295 N.C. 683, 696, 249 S.E.2d 402, 410 (1978).

> However, it has long been recognized by this Court that the problems which a modern legislature must confront are of such complexity that strict adherence to ideal notions of the non-delegation doctrine would unduly hamper the General Assembly in the exercise of its constitutionally vested powers. A modern legislature must be able to delegate—in proper instances—*a limited portion* of its legislative powers to administrative bodies which are equipped to adapt legislation to complex conditions involving numerous details with which the Legislature cannot deal directly. Thus, we have repeatedly held that the constitutional inhibition against delegating legislative authority does not preclude the legislature from transferring adjudicative and rule-making powers to administrative bodies *provided such transfers are accompanied by adequate guiding standards to govern the exercise of the delegated powers.*

*Id.* at 696-97, 249 S.E.2d at 410 (internal quotations omitted) (emphasis supplied).

N.C. Gen. Stat. § 20-184 (2005) provides:

> The Secretary of Crime Control and Public Safety, under the direction of the Governor, shall have supervision, direction and control of the State Highway Patrol. The Secretary shall establish in the Department of Crime Control and Public Safety a State Highway Patrol Division, *prescribe regulations governing said Division, and assign to the Division such duties as he may deem proper.*

(emphasis supplied). N.C. Gen. Stat. § 20-188 (2005) provides, "[the Highway Patrol] shall be subject to such orders, rules and regulations as may be adopted by the Secretary of Crime Control and Public Safety." N.C. Gen. Stat. § 20-188 also delegates to the Highway Patrol the duty to "enforce all laws and regulations respecting travel and the use of vehicles upon the highways of the State."

Plaintiff posits the legislature has not granted the Highway Patrol authority to regulate private wrecker businesses. Plaintiff stipulates

the legislature granted to defendants the statutory authority to "provide public safety within the State of North Carolina . . . ." Plaintiff argues that the statutes contained in Chapter 20 "only pertain to the granting of the authority specifically necessary for public safety."

The regulations governing the Highway Patrol's Wrecker Rotation Services List are contained in Title 14A of the North Carolina Administrative Code. *See* 14A NCAC 9H .0308 (2004). The Administrative Code states, "In order to perform its traffic safety functions, the Patrol is required to use wrecker services to tow disabled, seized, wrecked and abandoned vehicles." 14A NCAC 9H .0319 (2004). The Administrative Code mandates that the Highway Patrol's Troop Commander "shall arrange for the Telecommunications Center to maintain a rotation wrecker system within each District of the Troop." 14A NCAC 9H .0320 (2004). Members of the Highway Patrol must "assure the impartial use of wrecker services" included on the Wrecker Rotation Services List. 14A NCAC 09H .0319. Whenever possible, members of the Highway Patrol are required to dispatch the wrecker service requested by the motorist requiring the wrecker service. *Id.*

In order to perform its traffic safety functions, the Highway Patrol utilizes private wrecker services to remove abandoned, seized, damaged, or disabled vehicles from public roadways. The Highway Patrol promulgated regulations for private wrecker services included on its rotation list to meet in order to be called to the scene and to safely remove vehicles from the public roadways.

In the interest of public safety, the Highway Patrol has delegated authority to promulgate regulations setting forth the requirements a private wrecker service must meet in order to be included and remain on the Highway Patrol's Wrecker Rotation Services List. N.C. Gen. Stat. § 20-184; N.C. Gen. Stat. § 20-188. The challenged regulations clearly relate to public highway safety. The trial court did not err in denying plaintiff's motion for partial summary judgment. This assignment of error is overruled.

## V.  Summary Judgment in Favor of Defendants: Preemption

Plaintiff asserts the trial court erred in granting summary judgment in favor of defendants and argues federal law preempts the Highway Patrol's authority to regulate private wrecker companies. We disagree.

Plaintiff contends 49 U.S.C. § 14501 preempts the rules promulgated by the Highway Patrol. The statute, entitled, "Federal authority over intrastate transportation," provides in pertinent part:

(c)  Motor carriers of property.

(1)  General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4) [49 U.S.C. § 41713(b)(4)]) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

(2)  Matters not covered. Paragraph (1)—

(A)  *shall not restrict the safety regulatory authority of a State with respect to motor vehicles*, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization;

(B)  does not apply to the intrastate transportation of household goods; and

(C)  does not apply to the authority of a State or a political subdivision of a State to enact or enforce a law, regulation, or other provision relating to the price of for-hire motor vehicle transportation by a tow truck, if such transportation is performed without the prior consent or authorization of the owner or operator of the motor vehicle.

49 U.S.C. § 14501(c) (2005) (emphasis supplied).

To determine whether the Highway Patrol's regulations fall within the "safety regulatory authority" exception in 49 U.S.C. § 14501(c)(2)(A), we review whether the challenged regulations are "genuinely responsive to safety concerns." *See City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 442, 153 L. Ed. 2d 430, 446 (2002) ("Local regulation of prices, routes, or services of tow trucks that is not genuinely responsive to safety concerns garners no exemption from § 14501(c)(1)'s preemption rule.").

Although North Carolina courts have not addressed this issue, other jurisdictions have upheld similar regulations under the "safety regulatory authority" exception contained in 49 U.S.C. § 14501(c)(2). *See Cole v. City of Dallas*, 314 F.3d 730 (5th Cir. 2002) (regulation barring applicants from receiving a wrecker driver's permit to tow motor vehicles if they had a criminal history was held to fall under the safety exception); *Ace Auto Body & Towing, Ltd. v. City of New York*, 171 F.3d 765, 766 (2d Cir. 1999), *cert. denied*, 528 U.S. 868, 145 L. Ed. 2d 140 (2000) (towing ordinance requiring, *inter alia*, licensing, display of information, record keeping, disclosure of criminal history, and maintaining local storage and repair facilities fell within the safety exception); *Hott v. City of San Jose*, 92 F. Supp.2d 996, 999 (N.D. Cal. 2000) (regulations requiring tow truck operators to maintain liability insurance, pass criminal background checks, and to keep records and display information fell within the safety exception). Plaintiff failed to cite any authority to invalidate the regulations, or to show the regulations are not exempt under the "safety regulatory authority" exception of 49 U.S.C. § 14501.

Here, the Rotation Wrecker Service Regulations set forth thirty-two conditions a private wrecker service must meet and comply with in order to be included and remain on the Wrecker Rotation Services List. These regulations require the wrecker service to: (1) maintain legally required lighting and other safety equipment to protect the public; (2) remove all debris from the highway prior to leaving the collision scene; (3) maintain a full-time office within the Rotation Wrecker Zone; (4) consistently respond to calls in a timely manner; (5) impose reasonable charges for work performed; and (6) secure all personal property at the scene of a collision to the extent possible; and (7) preserve personal property in a towed vehicle.

The regulations also provide for the type and amount of insurance coverage the wrecker service must maintain, the type of equipment the wrecker service is required to have available, and prohibits persons with convictions for certain crimes from being included on the rotation list.

These provisions promote public safety at the scene to which the wrecker service is summoned and preserves personal property towed from the scene. These regulations protect the public and are "genuinely responsive to safety concerns." *City of Columbus*, 536 U.S. at 442, 153 L. Ed. 2d at 446.

Here, the Highway Patrol's regulations fall within the "safety regulatory authority" exception set forth in 49 U.S.C. 14501(c)(2)(A), and are not preempted by federal law. The trial court properly granted summary judgment in favor of defendants. This assignment of error is overruled. Our review and decision does not consider or condone laws, rules, or regulations related to price, route, or service of any motor carrier which is not in the interest of public safety or within other statutory exemption. *Id.*

## VI. Conclusion

The trial court did not err in denying plaintiff's motion for partial summary judgment. The General Assembly delegated to the Department of Crime Control and Public Safety and the Highway Patrol the authority to promulgate regulations regarding the requirements a private wrecker service must meet to be included and remain on the Highway Patrol's Wrecker Rotation Services List in the interest of public safety. N.C. Gen. Stat. § 20-184; N.C. Gen. Stat. § 20-188; 14 NCAC 9H .0308; 14A NCAC 9H .0319.

The trial court did not err in granting summary judgment in favor of defendants. The Highway Patrol's regulations for private wrecker services to be and remain on the Highway Patrol's Wrecker Rotation Services List fall within the "safety regulatory authority" exception set forth in 49 U.S.C. § 14501(c)(2)(A) and are not preempted by federal law. The trial court's order is affirmed.

Affirmed.

Judges McCULLOUGH and HUDSON concur.