**DANNY'S TOWING 2, INC. v. DEP'T OF CRIME CONTROL & PUB. SAFETY**

[213 N.C. App. 375 (2011)]

DANNY's TOWING 2, INC., DOYLE SUTTON d/b/a DOYLE'S GARAGE AND WRECKER, DONNIE SUTTON d/b/a SUTTON AUTOMOTIVE AND WRECKER SERVICE, BRENDA EDWARDS d/b/a B&H TOWING, RAMDOG ENTERPRISES, LLC, JAMES AUTREY d/b/a MOE BANDY, DOMESTIC AUTO, INC., HENRY GRASTY d/b/a GRASTY'S SERVICE CENTER, STEVE MILLER d/b/a RABBIT SKIN WRECKER, THOMAS SUTTON d/b/a ELK TOWING, AND CHRIS HIGEL d/b/a ANYTIME TOWING, PLAINTIFFS v. THE NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, AND ITS AGENT, NORTH CAROLINA HIGHWAY PATROL AND TROOP G, DISTRICT V, DEFENDANTS

No. COA10-1498

(Filed 19 July 2011)

## 1. Injunctions— State Highway Patrol's wrecker rotation program—bases of injunction not adequate

The trial court erred in an injunctive relief case by enjoining certain portions of the rules governing the North Carolina State Highway Patrol's wrecker rotation program as unenforceable. The order of injunction did not state the reasons for its issuance, beyond a bare statement that portions of the rules which the court did not enjoin were reasonable and enforceable as written.

## 2. Declaratory Judgments— North Carolina State Highway Patrol's wrecker rotation—declaration of parties' rights—incomplete

The trial court erred in a declaratory judgment case by failing to clearly declare the rights of the parties and effectively dispose of the dispute concerning the rules governing the North Carolina State Highway Patrol's wrecker rotation. Because the trial court failed to make a full and complete declaration, the matter was remanded.

Appeal by Defendants from order issued 14 July 2010 and entered 19 July 2010 by Judge C. Philip Ginn in Haywood County Superior Court. Heard in the Court of Appeals 6 June 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins and Assistant Attorney General Tamara Zmuda, for Defendants.*

*McLean Law Firm, P.A., by Russell L. McLean, III, for Plaintiffs.*

STEPHENS, Judge.

This appeal arises from a challenge to the latest version of the rules governing the North Carolina State Highway Patrol's wrecker rotation program, a voluntary program that uses private wreckers to tow disabled, seized, wrecked, and abandoned vehicles when a vehicle owner cannot or will not request a towing company. On 22 January 2009, Plaintiffs Danny's Towing 2, Inc., Doyle Sutton d/b/a Doyle's Garage and Wrecker, Donnie Sutton d/b/a Sutton Automotive and Wrecker Service, Brenda Edwards d/b/a B&H Towing, Ramdog Enterprises, LLC, James Autrey d/b/a Moe Bandy, Domestic Auto, Inc., Henry Grasty d/b/a Grasty's Service Center,[1] Steve Miller d/b/a Rabbit Skin Wrecker, Thomas Sutton d/b/a Elk Towing, and Chris Higel d/b/a Anytime Towing (collectively "Plaintiffs"), wrecker services in Haywood County, filed a complaint in Haywood County District Court for declaratory judgment and injunctive relief against Defendants the State Department of Crime Control and Public Safety ("the Department"), the North Carolina Highway Patrol, and three Patrol officers.[2] The complaint targeted the State's Wrecker Service Regulations, 14A NCAC 09H.0321(a) ("the rules"), published by the Department in December 2006 and approved by the N.C. Rules Review Commission in March 2007, with an effective date of 18 July 2008.

Plaintiffs' complaint sought relief in the form of a declaratory judgment on two questions: whether "the acts of the Defendants are arbitrary and capricious and violate [the] North Carolina Constitution" and whether the "methodology employed by the Defendants [in the wrecker rotation program] . . . is arbitrary and not consistent with the . . . rules." Plaintiffs also sought temporary, preliminary, and permanent injunctions of the rules.

In April 2009, the case was transferred from district to superior court. In June 2009, Defendants moved to dismiss and for partial summary judgment. In February 2010, the three named Highway Patrol officers were dismissed on the basis of public official immunity and Plaintiffs' claims for monetary damages were also dismissed; Defendants' motion was otherwise denied. Meanwhile, in the year and a half between the filing of the complaint and the order in this case, the North Carolina General Assembly passed a bill amending 14A NCAC 09H.0321(a), including, *inter alia*, a requirement that wreckers in the rotation program charge "reasonable prices." At a

1. This plaintiff is listed in the original complaint as d/b/a Grasty's Servicenter, while the trial court's order lists it as d/b/a Grasty's Service Center.

2. The rule amendments at issue in the complaint had been stayed by the trial court a month earlier, on 29 December 2008, in proceedings related to another case.

hearing on 17 May 2010, the parties agreed that six paragraphs of the rules were at issue. The trial court later issued an order enjoining the State from enforcing parts of five of the challenged paragraphs: (1) the requirement that wrecker services have a "land-based telephone line"; (2) the regulation prohibiting a driver with a valid Commercial Drivers License from driving in the rotation until the State receives a certified copy of his driving record; (3) the prohibition against wrecker services acquiring storage liens on freight or wares they were required to remove from a towed vehicle; and (4) the automatic by-pass provision, which allows the State to put a wrecker service at the bottom of the rotation list if it fails to answer a call. Finally, the trial court enjoined the State from setting fees for wrecker services provided through the rotation program. This appeal followed entry of the trial court's order.

*Discussion*

On appeal, Defendants make two arguments: that the trial court (I) exceeded its authority and jurisdiction under the Declaratory Judgment Act in reviewing the reasonableness of the rules rather than their legality and (II) erred in enjoining certain portions of the rules as unenforceable. As discussed below, we agree in part and conclude that this matter must be remanded for further proceedings.

At the start of the hearing, the trial court expressed confusion over the matters before it:

> . . . I want to put on the record what we're about. And I'm not sure I've got in front of me what we're about on all of this. . . . So somebody needs to tell me what we're going to . . . put on the record so if the Court of Appeals ever takes a look at this they can kind of figure out halfway what we've done.

The parties agreed that parts of six paragraphs of the rules were being challenged:[3]

> Paragraph 2, under which "a wrecker service must have a full-time business office . . . that is staffed and open during normal business hours of 8:00 a.m. to 5:00 p.m., Monday through Friday."

> Paragraph 3, which requires wrecker services to maintain their own offices, including telephone lines, on their own indepen-

---

3. Plaintiffs originally challenged the version of the rules effective in 2008. In 2010, the rules were amended again to incorporate the new "reasonable fees" requirement passed by the General Assembly. The 2010 version of the rules was discussed at the hearing and referenced in the trial court's order.

dently insured property. Their equipment and facilities "may not be shared with or otherwise located on the property of another wrecker service . . . ."

Paragraph 10, which requires wrecker services to "charge reasonable fees for services rendered." This paragraph allows the local Highway Patrol District Sergeant to approve price lists submitted to determine if they are "reasonable, consistent with fees charged by other Highway Patrol rotation wrecker services within the District and do not exceed the wrecker service's charges for nonrotation service calls that provide the same service, labor, and conditions."

Paragraph 22, which requires wrecker service owners to supply the Highway Patrol with certified copies of the driving records of all its drivers.

Paragraph 23, which requires the wrecker services to return personal property stored in or with a towed vehicle, "whether or not the towing, repair, or storage fee on the vehicle has been or will be paid."

Paragraph 28, which provides that any wrecker service which does not respond to a call from the Highway Patrol shall be "automatically by-passed," or placed at the bottom of the rotation call list.

Plaintiffs argued that the paragraphs in dispute were preempted by federal law, in that the State can only regulate "motor carriers of property" under the safety regulatory authority exception. In general, "[f]ederal preemption occurs when: (1) Congress enacts a statute that explicitly preempts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Tocher v. City of Santa Ana*, 219 F.3d 1040, 1045-46 (9th Cir. 2000), *overruled on other grounds by City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 153 L. Ed. 2d 430 (2002). However, the relevant portion of the United States Code, 49 U.S.C. 14501(c)(1), only preempts state and local regulation related to price, route, or service of a motor carrier with respect to the transportation of property. 49 U.S.C. 14501(c)(1) (2009). It explicitly does not restrict "the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. 14501(c)(2)(A); *see also City of Columbus*, 536 U.S. at 442, 153 L. Ed. 2d at 446 (holding that rules which are "genuinely responsive to safety concerns" are exempted from preemption).

Plaintiffs asserted that the challenged sections of the rules do not affect public safety and sought a declaration to that effect, as well as an injunction. Defendants argued that the rules *in toto* fall within the safety regulatory exception. The order subsequently entered by the trial court enjoined specific parts of five of the six paragraphs challenged:

Paragraph 3, "to the extent that it requires wrecker services to have a land-based telephone line." It also enjoins application of Paragraph 3 "to the extent that it requires wrecker services to own in fee simple the property upon which its business or storage facilities are located."

Paragraph 10, "to the extent that it allows the State to set fees."

Paragraph 22, "to the extent that it prohibits a driver holding a valid Commercial Drivers License from operating a wrecker while waiting on a certified driving record from the Division of Motor Vehicles."

Paragraph 23, "to the extent that it prohibits wrecker services from acquiring a storage lien over freight and/or wares that have been . . . removed from the [towed vehicle]" and stored by the wrecker service.

Paragraph 28's automatic by-pass provision, "unless the activity of the wrecker service is unreasonable."

### Permanent Injunction

[1] We first note that the injunctive portion of the order does not set forth the reasons for its issuance as required by statute. Under N.C. Rule of Civil Procedure 65(d), "[e]very order granting an injunction . . . *shall* set forth the reasons for its issuance." N.C. Gen. Stat. § 1A-1, Rule 65(d) (2010) (emphasis added). However, "an injunctive order which does not state the reasons for its issuance is merely irregular, not void." *Poor Richard's, Inc. v. Stone*, 86 N.C. App. 137, 139-40, 356 S.E.2d 828, 830 (1987), *rev'd on other grounds*, 322 N.C. 61, 366 S.E.2d 697 (1988). Such irregular orders are properly corrected by a motion made before the trial court and will not be corrected on appeal. *Schultz v. Ingram*, 38 N.C. App. 422, 426, 248 S.E.2d 345, 349 (1978). Accordingly, even an irregular order is binding until corrected. *Id.*

Here, the order does not state the reasons for its issuance, beyond a bare statement that portions of the rules which the court did not enjoin are "reasonable and enforceable as written." Despite

this failure to comply with our Rules of Civil Procedure, we consider the injunction on its merits and, for reasons which follow, we vacate in their entirety the injunctive terms of the trial court's order.

In *Ramey v. Easley*, a case considering the previous version of the wrecker rotation service rules, the plaintiff

> was removed from the Wrecker Rotation Services List for failing to: (1) respond to at least 75% of the calls made to him by the Highway Patrol; (2) maintain a current Department of Transportation inspection sticker on his large wrecker; and (3) have proper cables installed on his wreckers.
>
> . . . .[The p]laintiff sought a declaratory judgment for the wrecker rotation regulations to be declared illegal. He assert[ed that] federal law preempt[ed] the Highway Patrol's ability to establish regulations for private wrecker companies to be included on its Wrecker Rotation Services List.

*Ramey v. Easley*, 178 N.C. App. 197, 198, 632 S.E.2d 178, 179 (2006). In that case, we held that

> [i]n the interest of public safety, the Highway Patrol has delegated authority to promulgate regulations setting forth the requirements a private wrecker service must meet in order to be included and remain on the Highway Patrol's Wrecker Rotation Services List. N.C. Gen. Stat. § 20-184; N.C. Gen. Stat. § 20-188. The challenged regulations clearly relate to public highway safety. The trial court did not err in denying plaintiff's motion for partial summary judgment.

*Id.* at 201, 632 S.E.2d at 181. Specifically, we held that

> [the] thirty-two conditions a private wrecker service must . . . comply with in order to be included and remain on the Wrecker Rotation Services List [such as] (1) maintain[ing] legally required lighting and other safety equipment to protect the public; (2) remov[ing] all debris from the highway prior to leaving the collision scene; (3) maintain[ing] a full-time office within the Rotation Wrecker Zone; (4) consistently respond[ing] to calls in a timely manner; (5) impos[ing] reasonable charges for work performed; [] (6) secur[ing] all personal property at the scene of a collision to the extent possible; [] (7) preserv[ing] personal property in a towed vehicle[; (8) maintaining a specific type and amount of insurance coverage and equipment] and prohibit[ing] persons

with convictions for certain crimes from being included on the rotation list . . . . are "genuinely responsive to safety concerns." *City of Columbus*, 536 U.S. at 442, 153 L. Ed. 2d at 446.

[Thus], the Highway Patrol's [regulations] fall within the "safety regulatory authority" exception set forth in 49 U.S.C. 14501(c)(2)(A), and are not preempted by federal law.

*Id.* at 203-04, 632 S.E.2d at 182-83. Thus, this Court has already determined that wrecker service rotation rules requiring a timely response to calls and imposing reasonable fees fall into the public safety regulatory exception. Further, our review of the record indicates that Paragraph 23 in the 2010 version of the rules considered here is virtually identical to Paragraph 22 of the version considered and approved in *Ramey*. We are bound by *Ramey*, and, therefore, the trial court's injunction as to Paragraphs 10 (reasonable fee requirement), 23 (return of personal property), and 28 (automatic by-pass provision) is vacated. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Further, the order purports to enjoin Paragraph 3 to the extent it "requires wrecker services to have a land-based telephone line" and "to own in fee simple the property upon which its business or storage facilities are located." However, Plaintiffs did not argue in their complaint, affidavits, or at the hearing that they were being subjected to such requirements. Indeed, our review reveals that Paragraph 3 of the rules contains neither the phrase "land-based" nor "fee simple."[4] We see no possible interpretation of Paragraph 3 (or Paragraph 2, the portion of the rules which actually requires someone at the wrecker service be able to accept telephone calls from the Patrol) which would require land-based, as opposed to cellular, telephones or ownership of a wrecker service's premises in fee simple. Instead, Paragraph 3 is virtually identical to Paragraph 2 of the version of the rules considered and approved in *Ramey*, and we vacate this portion of the injunction as well.

---

4. Paragraph 3 states, in pertinent part: "Wrecker service facilities and equipment, including vehicles, office, telephone lines, office equipment and storage facilities may not be shared with or otherwise located on the property of another wrecker service and must be independently insured. Vehicles towed at the request of the Patrol must be placed in the storage owned and operated by the wrecker service on the rotation list."

Finally, we conclude that the trial court's injunction of Paragraph 22 "to the extent that it prohibits a driver holding a valid Commercial Drivers License from operating a wrecker while waiting on a certified driving record from the Division of Motor Vehicles" must be vacated because ensuring proper licensure is a matter "genuinely responsive to safety concerns." *City of Columbus*, 536 U.S. at 442, 153 L. Ed. 2d at 446.

### Declaratory Judgment

[2] We next consider the order as a declaratory judgment. As noted above, the majority of the language in the order can only be construed as a permanent injunction. However, in paragraphs 2 through 8, the order's language enjoining specific portions of the challenged rules is followed by a "declaration" that "[a]ll other provisions of [the relevant rule section] are reasonable and enforceable as written."

"The Declaratory Judgment Act, [N.C. Gen. Stat. §] 1-253 *et seq.*, affords an appropriate procedure for alleviating uncertainty in the interpretation of written instruments. . . ." *Hejl v. Hood, Hargett & Associates, Inc.*, 196 N.C. App. 299, 302, 674 S.E.2d 425, 427 (2009) (citation omitted). Such declarations "may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." N.C. Gen. Stat. § 1-253 (2009). "The trial court's declaratory judgment need not be in any particular form so long as it actually decides the issues in controversy." *Poor Richard's, Inc.*, 86 N.C. App. at 139, 356 S.E.2d at 830 (citing 26 C.J.S. Declaratory Judgments, §§ 158, 161 (1956)). However, the trial court's judgment should clearly declare the rights of the parties and effectively dispose of the dispute. *Id.*; *see also* 26 C.J.S. Declaratory Judgments § 158, at 262 (2001) ("In awarding declaratory relief, the court generally should make a full and complete declaration . . .").

"The standard of review in declaratory judgment actions where the trial court decides questions of fact is whether the trial court's findings are supported by any competent evidence. Where the findings are supported by competent evidence, the trial court's findings of fact are conclusive on appeal." *Cross v. Capital Transaction Grp., Inc.*, 191 N.C. App. 115, 117, 661 S.E.2d 778, 780 (2008) (citation and quotation marks omitted), *disc. review denied*, 363 N.C. 124, 672 S.E.2d 687 (2009). " 'However, the trial court's conclusions of law are reviewable *de novo*.' " *Id.* (quoting *Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 98 (2000)).

Here, the trial court's order states that the parties have agreed that the only uncertainty to be alleviated is the "legality" of various portions of the rules. Our review of the hearing transcript affirms this assertion. Plaintiffs' arguments at the hearing were focused entirely on whether Defendants had the authority to enact the challenged portions of the rules pursuant to the safety regulatory authority exception. Plaintiffs sought a declaration that the challenged sections of the rules are federally preempted because they do not affect public safety, a legal determination. Thus, because there were no factual disputes and the trial court made no findings of fact, we review the order *de novo*.

We conclude that the trial court failed to clearly declare the rights of the parties and effectively dispose of the dispute by making "a full and complete declaration." Importantly, the order fails to directly address the questions raised by Plaintiffs in their complaint and at the declaratory judgment hearing: whether "the acts of [] Defendants are arbitrary and capricious and violate [the] North Carolina Constitution," whether the "methodology employed by [] Defendants [in the wrecker rotation program] . . . is arbitrary and not consistent with the . . . rules," and whether the challenged portions of the wrecker rotation rules are federally preempted because they are not related to public safety and, thus, fail to fall within the safety regulatory authority exception. As the trial court acknowledged in its order, these issues are questions of law, not fact.

As previously discussed, however, the order enjoins specific portions of the rules and then declares the remainder "reasonable and enforceable as written." While this construction might permit a logical inference that the enjoined portions are "unreasonable and unenforceable as written," this was not the issue before the trial court. Whether rules are "reasonable" does not resolve the question of whether they are federally preempted, a determination which requires an analysis of whether the challenged rules relate to public highway safety. *Ramey*, 178 N.C. App. at 202, 632 S.E.2d at 181-82. However, as discussed above, this Court's decision in *Ramey* precludes the trial court from reconsidering whether these portions of the rules are federally preempted. Moreover, the trial court's determination regarding the "reasonableness" of the rules also failed to resolve the question of whether they are being *implemented* in a manner that is arbitrary. Because the trial court failed to decide this issue in controversy, we remand for it to do so.

*Conclusion*

In sum, we vacate the order to the extent it purports to enjoin portions of paragraphs 3, 10, 22, 23 and 28. On remand, the trial court may not revisit the question of federal preemption as to these or any other rules controlled by *Ramey*. Instead, on remand, the trial court shall decide the issue of whether Defendants are implementing and applying the wrecker rotation service rules in an arbitrary manner.

VACATED IN PART; REMANDED IN PART.

Chief Judge MARTIN and Judge THIGPEN concur.